UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOTAL SAFETY *et al*, | § | CIVIL ACTION NO. |
| Plaintiffs, | § | 4:19-CV-02718 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| ALICIA KNOX, | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER
DENYING MOTION TO DISSOLVE
PRELIMINARY INJUNCTION**

Before the Court is a motion filed by Defendant Alicia Knox to dissolve the agreed preliminary injunction. Dkt 26. Upon consideration, the Court denies the motion.

1. Background

This case concerns alleged misappropriation of confidential business information and trade secrets. Plaintiffs Total Safety US Inc and Total Safety Onsite Services Inc (together, Total Safety) assert that Knox misappropriated their confidential business information and trade secrets. They also allege that Knox violated the terms of her nonsolicitation agreement with her former employer, Airgas On-Site Safety Services Inc. Total Safety Onsite Services acquired Airgas in May 2019. Dkt 1 at 2.

On July 24, 2019, Total Safety commenced this lawsuit against Knox, asserting violations of the Trade Secrets Act and the Computer Fraud and Abuse Act, misappropriation of trade secrets under Texas law, and breach of contract. Id at 10–16. Total Safety also sought preliminary injunctive relief. Id at 16–17.

Rather than require hearing, Total Safety and Knox agreed to a preliminary injunction to avoid unnecessary costs and fees.

Dkt 12-1 at 1. On July 30, 2019, the Court entered the agreed preliminary injunction. Dkt 13. Broadly, this injunction requires Knox to:

- o Refrain from destroying, disclosing, or accessing evidence that may be relevant to the lawsuit;
- o Refrain from directly or indirectly soliciting any customer of Total Safety or Airgas in violation of the nonsolicitation agreement; and
- o Produce certain electronic devices for inspection and forensic analysis.

The parties agree that Knox has complied with the third requirement.

On November 1st, Knox filed a motion to dissolve the agreed preliminary injunction. Dkt 26. On December 5th, the Court held a status conference and heard argument on the motion. At the conference, the Court ordered Knox to file her reply, which she did on December 12th. Dkt 33.

### 2. Legal standard

The parties dispute the correct standard by which to modify or dissolve a preliminary injunction. Total Safety asserts that Knox must establish a "significant change in circumstances" to justify revision. Dkt 29 at 5. To the contrary, Knox asserts that the same standard applies to review of a motion to dissolve an injunction as it does to the decision whether to grant one in the first instance. Dkt 26 at 6. In her recent reply, Knox alternatively asserts that the Court should reconsider the preliminary injunction under FRCP 54(b). Dkt 33 at 6.

As to Rule 54(b), a district court may reconsider and revise its prior decision for any reason deemed sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law. *Austin v Kroger Texas, LP*, 864 F3d 326, 336 (5th Cir 2017). This reflects "the 'inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'" Id at 337, quoting *Cobell v Jewell*, 802 F3d 12, 25–26 (DC Cir 2015). But here, Knox voluntarily agreed to the preliminary injunction in the first

instance, which avoided establishing any factual predicate as to underlying conduct and circumstances. That Knox may have reconsidered the wisdom of her agreement does not convince the Court that justice requires reconsideration of the very injunction to which she agreed.

As to the larger dispute, Total Safety more closely states the correct legal standard. Rule 60(b)(5) of the Federal Rules of Civil Procedure permits a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" where "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." The Supreme Court has determined that Rule 60(b)(5) applies to motions to dissolve or modify preliminary injunctions. See *Horne v Flores*, 557 US 433, 447 (2009); see also *PNC Bank, NA v 2013 Travis Oak Creek GP LLC*, 2018 WL 6433312, at \*2 (WD Tex).

By this Rule, a party can request "a court to modify or vacate a judgment or order if 'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'" *Horne*, 557 US at 447, quoting *Rufo* v *Inmates of Suffolk County Jail,* 502 US 367, 384 (1992). The party seeking relief bears the burden of establishing that the change in circumstances warrants relief. *Horne*, 557 US at 447.

The parties lightly debate whether *any* change is sufficient to the analysis, or whether a showing of *significant* change is necessary. It is plainly the latter. The Supreme Court in *Horne* specifically paired its characterization of "the correct legal standard" with the need for "significant change." 557 US at 451. And the Fifth Circuit recently found no abuse of discretion in refusing to modify an injunction where there was "no showing of a significant change in circumstances." *Bear Ranch, LLC v Heartbrand Beef, Inc*, 885 F3d 794, 803 (5th Cir 2018). Such heightened standard is also in line with other persuasive, considered, and neutral authority. See Wright, Miller & Kane, *Federal Practice and Procedure* § 2863 (3d ed): "Because the standard is an exacting one, many applications for relief on this ground are denied."

3

3. Analysis

Neither party asserts any change in legal circumstances. And so the Court solely addresses whether Knox has met her burden to show a significant change in factual circumstances that justifies dissolution of the preliminary injunction.

Knox argues that the Court should vacate the preliminary injunction because all obligations imposed on Knox have either been mooted by her compliance or are obligations independently imposed on her by law or contract. This is both insufficient and incorrect.

Total Safety does not dispute that Knox provided the electronic devices for forensic examination and analysis in compliance with part of the preliminary injunction. But the preliminary injunction enjoins two other aspects of potential future conduct—thus preventing her from both destroying or disclosing evidence and soliciting customers in alleged violation of the nonsolicitation agreement. Intervening events have not mooted those concerns. To the contrary, those aspects of the injunction are still in service. See *PNC Bank,* 2018 WL 6433312, at *3 (noting that "the key question is whether the objective of the preliminary injunction is still being served").

Beyond this, Knox contends that the forensic evidence obtained from the examination of her devices forecloses any argument that she misappropriated Total Safety's trade secrets. Dkt 26 at 8. Total Safety disagrees, asserting that the forensics confirm Knox accessed sensitive business information concerning Total Safety's customers while on her new employer's devices. Dkt 29 at 8. Which of these contentions is true goes to the heart of the parties' dispute, and the Court does not resolve it here. In the meantime, the preliminary injunction—again, being the *agreed* preliminary injunction—will continue to preserve the status quo until that final determination on the merits.

Knox asserts that the preliminary injunction is redundant of obligations independently imposed on her by law or by contract. Dkt 26 at 7–8. This is not a change in circumstance and was fully part of the agreed preliminary injunction in the first instance. And violations of those obligations as preserved in an injunction bring

quite different penalties than those for simple violation or breach. See *Hutto v Finney*, 437 US 678, 690–91 (1978) (citations omitted): "A criminal contempt prosecution for 'resistance to [the court's] lawful . . . order' may result in a jail term or a fine. Civil contempt proceedings may yield a conditional jail term or fine. Civil contempt may also be punished by a remedial fine, which compensates the party who won the injunction for the effects of his opponent's noncompliance."

Knox also asserts that the language of the preliminary injunction mirrors her nonsolicitation agreement, which she asserts is itself ambiguous. Dkt 26 at 8. This, too, is not a change in circumstance and was just as apparent when agreeing to the preliminary injunction at the outset. The Court declines to entirely dissolve the preliminary injunction as requested by Knox's motion. But such denial is without prejudice to Knox's ability to bring a later motion to modify or clarify the preliminary injunction, if believed necessary.

The Court DENIES the motion to dissolve the agreed preliminary injunction. The preliminary injunction remains in effect.

SO ORDERED.

Signed on December 18, 2019, at Houston, Texas.

*[signature: Chas R Eskridge III]*

Hon. Charles Eskridge
United States District Judge